IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| SCOTT S. WATTS, | ) | |
| | ) | 5:12-cv-75-RLV-DCK |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KERR'S HICKORY READY MIXED | ) | |
| CONCRETE, INC., | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## STIPULATION AND PROTECTIVE ORDER

In accordance with the Federal Rules of Civil Procedure and by agreement of the undersigned counsel:

IT IS HEREBY ORDERED THAT:

1. The parties hereto recognize that some of the information, documents, and other things that may be discoverable under the North Carolina Rules of Civil Procedure in this action might allegedly include trade secret or other confidential information or proprietary business or commercial information of the party from which discovery is sought, the public disclosure of which could be competitively harmful. The parties may produce such information, documents, and other things allegedly containing the trade secret or other confidential information or proprietary business or commercial information upon appropriate request under the North Carolina Rules of Civil Procedure, subject to this Stipulation and Protective Order.

2. The parties hereto agree that limitations on the disclosure and use of such confidential information, documents, and other things is desirable for the orderly conduct of discovery in this action, while at the same time providing protection from the misuse of each

party's confidential information, documents, and other things.

3. Each party to this action who produces or discloses any documents, things, interrogatory answers, admissions, deposition transcripts, or information which the producing or disclosing party ("Producing Party") reasonably believes to comprise or contain trade secret or other confidential information, and which the Producing Party desires to be subject to this Protective Order, shall have stamped or written upon that information ("Designated Information") "CONFIDENTIAL."

4. All tangible items so designated as provided in the previous paragraphs must be visibly marked on each page or separate item by the Producing Party as "CONFIDENTIAL." Portions of a deposition transcript may be designated "CONFIDENTIAL" by any party or witness by requesting such treatment thereof either (1) on the record, or (2) by written communication mailed within thirty (30) days after receipt by the witness or his counsel of the transcript. All parties shall treat a deposition transcript as "CONFIDENTIAL" during said thirty (30) day period. If "CONFIDENTIAL" treatment of a transcript is requested on the record, the court reporter shall be instructed to mark the face of the transcript(s) containing the designated testimony with the designation "CONFIDENTIAL." Copies of all exhibits designated "CONFIDENTIAL" shall be separately marked accordingly. If the designated transcript portions are filed with the Court, the designated portion shall at the time of filing be sealed as provided in Paragraph 10 below and within the sealed envelope, identified as being "CONFIDENTIAL."

5. All designated information shall be held by the Receiving Party in confidence

and used solely for the purpose of this case, and shall be returned to the Producing Party at the conclusion of the litigation along with all copies, summaries, abstracts, etc., made of that information by the Receiving Party still in existence at that time.

6. All information designated "CONFIDENTIAL" may be disclosed to counsel of the party, experts or a party, if that party is an individual or to directors, officers, or employee representatives (including in-house counsel) of a party if that party is a corporation on a need to know basis.

7. It shall be the responsibility of each party to this Order to advise all persons, including counsel of record and expert(s) shown or given any designated information, of this Order, and they shall be bound thereby. Furthermore, with the exception of counsel of record, attorneys within the law firm of such counsel, and secretaries and paralegals of counsel of record, all persons shown or given any designated information shall sign an undertaking in the form attached hereto as Exhibit A.

8. This Order shall not extend nor limit the rights of any party, during the course of discovery, either (1) to demand additional information on any ground, or (2) to object or withhold additional information or documentation on any ground except confidentiality. It shall not prohibit a party from producing information with certain information deleted if that appears to the Producing Party to be the best way to produce requested information and if the deleted information is not discoverable in this action. Should a party redact information, that party shall disclose to the other parties the general nature of the information redacted. Subject to the Producing Party seeking relief from the Court as provided in paragraph 10 below, it shall not inhibit the dissemination or use of any designated information if that information has been or

3

189343.1

is obtained by the Receiving Party (1) from sources which are public or (2) from sources other than the Producing Party under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party to whom designated information is disclosed from seeking and obtaining the same or other information by discovery request or judicial process in this or any other action.

9. In the event any designated information is used in any proceeding herein, it shall not lose its designated status through such use, and the parties shall take all steps reasonably required to protect such confidentiality against misuse. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly herein provided respecting designations, shall not relieve any party of the obligation of producing information in the course of discovery.

10. Maintenance of the confidential status of any such designated information shall in all cases be subject to further order of this Court and nothing herein shall preclude any party upon reasonable notice to all parties from applying to the Court for any modification of this Order or moving the Court for an order changing the status of any designated information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional Protective Orders. The confidential designations shall be made by the parties hereto reasonably and in good faith.

11.     Any documents containing protected subject matter that are filed with the Court for any purpose , shall be filed in a sealed envelope or container marked on the outside with the title of the action and a statement substantially in the following form:

**"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"**

This envelope (or container) containing the above identified papers filed by (name of party) is not to be opened nor the contents thereof displayed or revealed to other than Court personnel except by Court Order or by written agreement of the parties.

12.     This Order shall not in any way afford any party any objection to the offering or admission of "CONFIDENTIAL"  information, documents, and other things into evidence at the trial hereof.   In the event a party intends to so use such information, documents, and other things, it is contemplated that the parties will agree to formulate for the Court's consideration a mechanism for the confidential treatment of the information, documents and other things at trial so that the trial can proceed in a fair and efficient manner.   In the event the parties are unable to agree upon such a mechanism, the parties shall make an application to the Court in accordance with paragraph ten (10) above.

13.      The parties and any other persons subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and them during and after this action is terminated for the purpose of enforcing this Order.

14.      The parties to this agreement may change its terms or effects by mutual

agreements in writing.

This the 16th day of January, 2013.

                                                           Patrick, Harper & Dixon

1/16/2013                                     /s/ Michael P. Thomas
Date                                              Michael P. Thomas
                                                     Post Office Box 218
                                                     Hickory, North Carolina 28603
                                                   Counsel for Plaintiff


                                            YOUNG, MORPHIS, BACH &TAYLOR, LLP


1/16/2013                                       /s/Paul E. Culpepper
Date                                              Paul E. Culpepper
                                                   Post Office Drawer 2428
                                                   400 2nd Street NW
                                                   Hickory, North Carolina 28603-2428
                                                   Counsel for Defendant


                                                   Signed: January 17, 2013

                                                 David C. Keesler
                                                 United States Magistrate Judge